UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CIVIL ACTION NO. 22-17-DLB**

**LARRY E. EALY**     **PLAINTIFF**

**v.**     **MEMORANDUM OPINION AND ORDER**

**WILLIAM KNOEBEL, ET AL.,**     **DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\*

Larry E. Ealy is a resident of Muncie, Indiana. Proceeding without a lawyer, Ealy recently filed a civil rights complaint with this Court. (Doc. # 1). That complaint is now before the Court on initial screening pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss Ealy's complaint.

This is not Ealy's first civil rights action regarding the matters raised in his present pleading. *See Ealy v. Knoebel*, No. 2:19-cv-50-WOB, Doc. #8 (E.D. Ky. Apr. 30, 2019). Like Ealy's earlier case, he alleges that he was driving north through Gallatin County, Kentucky in September of 2018 when he was pulled over for speeding by an unnamed officer of the Kentucky State Police. (Doc. # 1 at 1-2). Ealy further alleges that the officer told him that the vehicle he was driving had been reported stolen out of Ohio. (*Id.* at 2). As a result, the officer arrested Ealy, and he was subsequently charged with receiving stolen property, as well as multiple traffic-related offenses. *See Commonwealth of Kentucky v. Larry E. Ealy*, No. 18-CR-00084 (Gallatin Circuit Ct. 2018); *Commonwealth of Kentucky v. Larry E. Ealy*, 18-F-00104 (Gallatin District Ct. 2018).

1

While Ealy's charges were pending in state court, he filed a *pro se* civil rights complaint with this Court. *See Ealy*, No. 2:19-cv-50-WOB, at Doc. # 1. Ealy named William Knoebel, a prosecutor in Gallatin County, as the defendant and asserted numerous claims against him. *See id.* Among other things, Ealy claimed that Knoebel presented false information to a grand jury in violation of his due process rights. *See id.* Ealy also purported to assert claims under various other provisions of state and federal law, including but not limited to "§ 14141," what he referred to as "HB 463" and "Senate Bill (H.R. 5682) First Step Act," and the Thirteenth Amendment, which prohibits slavery. *See id.* Ealy also suggested the state police officer lacked probable cause to arrest him. *See id.*

This Court, however, summarily dismissed Ealy's complaint. *See id.* at Doc. # 4 at 3. The Court explained that while Ealy complained of the arresting officer's conduct, he did not actually list an officer as a defendant. *See id.* The Court also noted that many of the legal provisions Ealy cited were either inapplicable to him or otherwise failed to provide a private cause of action, such as his citations to "§ 14141," "HB 463," and "Senate Bill (H.R. 5682) First Step Act." *See id.* The Court concluded that Ealy's complaint did not state any viable claims against Knoebel, whose conduct allegedly occurred within the scope of his duties as a prosecutor. *See id.* at 3-4. Thus, the Court dismissed Ealy's complaint while also taking "judicial notice that Ealy has an extensive history of frivolous and abusive litigation in" multiple federal courts, including the United States Court of Appeals for the Sixth Circuit. *See id.* at 4.

Ealy's state criminal case then continued. Eventually, by the end of July 2020, Ealy was adjudicated guilty of multiple traffic-related offenses, including speeding and

failure to wear a seat belt.  *See Ealy*, 18-F-00104 (Gallatin District Ct. 2018).  That said, the Commonwealth of Kentucky ultimately dismissed the remaining charges against Ealy, including the charge of receiving stolen property.  *See id.*

Now, more than 18 months later, Ealy has filed yet another civil rights complaint with this Court regarding the circumstances surrounding his arrest and prosecution in state court.  (Doc. # 1).  The Court, however, will dismiss this latest pleading.  That is because Ealy's claims are essentially the same as those that the Court already dismissed with prejudice.  Indeed, Ealy once again lists Knoebel as a defendant and claims he violated his due process rights.  (*See id.* at 4).  Ealy also again purports to assert claims under "§ 14141," "HB 463," "Senate Bill (H.R. 5682) First Step Act," and the Thirteenth Amendment.  (*See id.* at 4-10).  The Court already resolved each of these claims and dismissed them for failure to state a claim upon which relief may be granted.  *See Ealy*, No. 2:19-cv-50-WOB, at Doc. # 8.  To the extent that Ealy is trying to reassert these claims, his efforts are simply unavailing for the reasons previously stated by the Court.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (indicating the court must dismiss a case at any time if it determines that the action fails to state a claim upon which relief may be granted).

Finally, the Court recognizes that Ealy also appears to be trying to assert, for the first time, unreasonable search and seizure claims against the specific arresting officer or officers in his underlying case.  (*See* Doc. # 1 at 4-5).  However, these claims are untimely.  As this Court has explained, civil rights claims arising out of conduct occurring in Kentucky must be filed within one year.  *Harris v. Crews*, No. 0:22-cv-1-DLB, at Doc. # 5, at 3 (E.D. Ky. Jan. 14, 2022) (citing *Bonner v. Perry*, 564 F.3d 424, 431 (6th Cir. 2009)).  Here, Ealy is complaining about conduct that allegedly occurred in September of 2018, and, by all

3

accounts, the relevant state criminal case was resolved by the end of July 2020. Nevertheless, Ealy did not properly initiate his unreasonable search and seizure claims until February of 2022, well after the statute of limitations expired. These claims are therefore time-barred and must also be dismissed.

Accordingly, it is **ORDERED** that:

(1)   Ealy's latest complaint (Doc. # 1) is **DISMISSED** with prejudice;

(2)   This action is **STRICKEN** from the Court's docket; and

(3)   The Court will enter an appropriate Judgment.

This 22nd day of February, 2022.

Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\PSO Orders\2-22-017 Memorandum.docx